# Francis, *et al. v.* Jefferson County Savings Bank.

*Bill by Stockholder for an Accounting.*

(Decided June 9, 1910.   52 South. 906.)

*Mortgage; Notice; Bona Fide; Possession.*—Where a stockholder files his bill against the mortgagee bank alleging that the corporation was the purchaser of certain land under a contract of purchase, and that the directors of the corporation permitted the vendor to convey the property to another stockholder, who mortgaged the land to defendant bank, which foreclosed the mortgage, and the bill prayed that the bank account to complainant for his interest as a stockholder, and the bill also charged that the bank had notice of complainant's equities at the time it took the mortgage, but the proof only showed that at the time of the mortgage the corporation had a foundry on the land, the corporation's use of the property was not notice of its rights since the title was not in the corporation and there was no proof that the bank knew that the land had been bargained to the corporation and not to the mortgagor.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by R. W. Francis and others against the Jefferson County Savings Bank. From a decree sustaining demurrers to the amended bill, complainants appeal. Affirmed.

The original bill and answer is set out in the former opinion in this case, which will be found reported in 115 Ala. 317, 23 South. 48, reference to which is here made. The bill was afterwards amended by striking out sections 2, 3, 4, and 5, and inserting in lieu thereof the following paragraphs, numbered 2, 3, 4, and 5, respectively:

"(2) That prior to the 15th of July, 1887, Excelsior Foundry & Machine Company was a corporation under the laws of Alabama, with a capital stock of $10,000, 400 shares, at the par value of $25 each, and on that day Carter owned or controlled 320 shares, and complainants owned jointly 80 shares, and that at that time the corporation had ceased to do business, or carry on or to exercise any of its corporate functions, and was practically dead, and that its entire assets consisted of the property herein described.

"(3) That on the 28th day of May, 1886, the Excelsior Foundry & Machine Company, contracted with the Avondale Land Company for the following described land: (Here follows description)—and received a bond from the said Avondale Land Company, for a conveyance of said lot, and afterwards erected valuable improvements on said lot, and placed thereon said machinery and tools for carrying on its said business.

"(4) That said Excelsior Foundry & Machine Company, prior to July 15, 1887, had several stockholders, a board of directors, and a president, and carried on its

business until some time prior to July 15, 1887, when it ceased to do business.

"(5) That prior to July 15, 1887, Carter had secured control and ownership of four-fifths of the capital stock of the Excelsior Foundry & Machine Company, and there was no other stock of said company existing, except the 80 shares owned by complainant; that the board of directors had ceased to perform any of their duties or functions, and the said Carter, desiring to secure the whole of the assets and property of said company for his own use, on said date paid to the Avondale Land Company, the sum of $350 balance due as purchase money for said lot, and procured a deed to be made to himself for the said lot, and on the same day, in order to secure advances that had been made or agreed to be made him by the Jefferson County Savings Bank to the extent of $500, executed jointly with his wife a mortgage on said lot of land, with its improvements, to the Jefferson County Savings Bank; that complainants never consented to or in any way ratified any of the conveyances mentioned, nor did they have any notice or knowledge thereof until long after the same was made; that no meeting of the stockholders or directors was ever held to authorize or ratify any of the conveyances, and the said Jefferson County Savings Bank took said mortgage with full notice or knowledge of the manner in which said party had wrongfully acquired the title to the property, and that complainants had an equitable claim thereto as stockholders of the Excelsior Foundry & Machine Company.

"It is further alleged that the value and improvements of the property was $10,000. The demurrers take the point that the bill is without equity; that it is not shown that the complainants were entitled to any relief against the defendants; that it appears from the bill

that the complainants sue as stockholders of the Excel-
sior Foundry & Machine Company, a body corporate,
for and on behalf of the said corporation, and yet the
bill fails to show that before filing the bill complainants
took any step or proceedings to have the corporation
act on its own behalf, and fails to show any excuse for a
failure to make the Excelsior Foundry & Machine Com-
pany, a party; for failure to join Carter as a party;
and because the bill as amended shows that complain-
ants have no equity or interest in the lands described.
Respondents also answered, and the answer incorporat-
ed certain demurrers not necessary to be here set out.

LONDON & FITTS, for appellant. A dissolution of a
private corporation charged with no public duties can
be effected as shown here.—*M. & P. Line v. Waggonner,*
71 Ala. 581; 5 Thomp. on Corp., sec. 6681; *Savage v.
Walsh,* 26 Ala. 619; *McElroy v. Gadsden L. & I. Co.,*
126 Ala. 193; *Noble v. Gadsden L. & I. Co.,* 133 Ala.
255; *Wolf v. Underwood,* 91 Ala. 527; *C. L. Co. v. Sul-
livan,* 44 So. 644. In this condition of the defunct cor-
poration, the rights of the three stockholders was that
of partners or joint owners.—*Mason v. Pewabic M. Co.,*
133 U. S. 50. In this relation Francis & Storrs had a
right to proceedings against Carter, or any person ac-
quiring the rights of Carter with knowledge of their
interest.—Authorities supra; 5 Thom. on Corp., sec.
6747. The right existed in the minority stockholders
under the accepted rule that no director or executive
officer of a corporation can make self serving convey-
ances of the corporate property.—*DeBardelaben v. Bes-
semer L. & I. Co.,* 140 Ala. 621; 124 Ga. 165; 104 Am.
St. Rep. 835; 143 Fed. 478. If the authority of Enslen
to sign the agreement be important it is abundantly es-
tablished by his presidency of the bank, and his active

management of its affairs.—*Merchants' Bank v. Acme L. & M. Co.*, 49 So. 782; *Richards v. Shepherd*, 49 So. 251; *Ala. Nat. Bank v. O'Neal*, 128 Ala. 192.

FORNEY JOHNSTON, for appellee. The amendments did not cure the defects in the original bill.—115 Ala. 323. The proof is materially variant from the averment. All the stockholders are not represented in the bill which is requisite to a bill of this character.—*Ross v. Am. B. Co.*, 43 So. 817; *McElroy v. Gadsden L. & I. Co.*, 126 Ala. 184.

ANDERSON, J.—This case has been here upon former appeal.—115 Ala. 317, 23 South. 48. The equity of the bill was then fully considered and discussed at length in the opinion of the court. The question now is: Did the amended bill cure the defects heretofore pointed out, and because of which the original bill was adjudged to be wanting in equity? Upon the first consideration of the case, it was held, among other things, that the bill failed to aver that the respondent bank had notice of any equities of the complainant or the Excelsior Company at the time it took the mortgage from Carter. The bill was amended in this respect, so as to charge notice to Enslen, the president; but the proof failed to establish this important averment. It is true the mortgage recites that the Excelsior Foundry was located on the land mortgaged; but the legal title to the land was in Carter, and the evidence does not show that Enslen knew that the land had been bargained to the company, instead of Carter. On the other hand, if such had been the case, it does not appear that Enslen knew that the making of the deed to Carter was not sanctioned or authorized by the Foundry Company.

This court has also construed the agreement of December 9, 1887, and held that it did not aid the com-

[Sayers, et al. v. Tallassee Falls Mfg. Co.]

plainants as to the relief sought under the present proceeding. We do not think this phase of the case was benefited by the amended bill, and which was subject to the respondent's demurrer.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SAYRE, and EVANS, JJ., concur.